[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#102) DEFENDANTS' MOTION TO STRIKE
On November 22, 2000, the plaintiff, Donald Rosenbeck, filed a four-count complaint against the defendants, Christopher and Joseph Rubbo. The plaintiff alleges, inter alia, that on January 5, 1999, Christopher Rubbo negligently and recklessly caused the car he was driving to collide into the plaintiffs car, causing the plaintiff multiple injuries. The plaintiff also alleges that Joseph Rubbo was negligent and reckless because he was the owner of the car that collided with the plaintiff, and because he consented to Christopher Rubbo driving his car. On May 11, 2001, the defendants filed a motion to strike counts two and four, along with an accompanying memorandum of law, on the ground that the plaintiff fails to state sufficient facts for his statutory recklessness claims pursuant to General Statutes § 14-295. The plaintiff did not file a memorandum of law in opposition to the motion.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997). "A motion to strike admits all facts well pleaded." (Emphasis in original; internal quotation marks omitted.) Id., 588.
The defendants argue that in order to state a viable recklessness cause of action, a plaintiff must plead specific facts that go beyond a simple negligence claim. In Connecticut, there is a split of authority in the CT Page 11449 Superior Court as to whether plaintiffs need to allege additional facts from their negligence actions in order to sustain a recklessness action under § 14-295. See Kennedy v. Roy, Superior Court, judicial district of Waterbury, Docket No. 162567 (April 19, 2001, Doherty, J.). This court has previously sided with the majority of opinions which hold that a plaintiff does not have to allege additional facts in order to sustain a recklessness action. "[A] plaintiff, in addition to pleading facts constituting negligence, need only make the general allegations mentioned in § 14-295: that the defendant has deliberately or with reckless disregard violated one of the enumerated statutes, and that the violation was a substantial factor in causing the plaintiffs injuries." Id.; see also Chieffo v. Yannielli, Superior Court, judicial district of Waterbury, Docket No. 159940 (January 29, 2001, Doherty, J.); Torres v.Jacovino, Superior Court, judicial district of Waterbury, Docket No. 150549 (May 12, 2000, Doherty, J.).
The plaintiff alleges in counts two and four of his complaint that the defendants were reckless in that they violated General Statutes §§14-222, 14-218a, 14-219, and 14-240a In addition, the plaintiff alleges that his injuries were caused by the defendants' reckless and intentional actions. Based upon the foregoing, the court finds that the plaintiff has sufficiently alleged causes of actions for recklessness pursuant to § 14-295, therefore the motion to strike is denied.
Joseph W. Doherty, Judge